## JOSEPH SHEFFIELD v. J. R. GRIFFIN.

TRESPASSER ON LAND; *Sale of Improvements; Title Afterward Acquired by Vendor; Recovery of Land.* A mere trespasser on land sold certain improvements he had placed thereon, and delivered the possession of the land and the improvements to his vendee. Subsequently, he bought the title to the land. *Held,* It not appearing that he had given any deed or made any warranty, or any false representations, that he was not estopped from recovering possession of the land from a vendee of his vendee.

### Error from Crawford District Court.

EJECTMENT, brought by *Griffin* against *Sheffield.* Trial at the September Term, 1877, of the district court, and judgment for plaintiff. The defendant *Sheffield* brings the case here.

*James T. Bridgens,* for plaintiff in error.

*Daniel Scott,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case was tried by the court, without a jury, and special findings of fact were made. We might fairly dismiss this proceeding in error, as the record contains no judgment, but stops with the motion for a new trial. But as this may be only an oversight in the preparation of the

27—21 KAS.

record, we have examined the findings to see what judgment should properly have been entered thereon. The testimony not having been preserved, our inquiry is limited to the pleadings and findings, and upon them we think judgment ought to have been entered as the petition in error says it was, in favor of the defendant in error, plaintiff below.

The facts are, that Griffin at one time settled upon and occupied a certain tract of land, upon which he made some improvements. These improvements, together with some other personal property, he sold to one Mayo, and delivered to him the possession. The value of the improvements and of the other property separately does not appear, but for all the property in gross Mayo paid $200 cash, and promised to pay $500 more. This $500 Mayo has never paid. Mayo entered into possession, made additional improvements, neither the extent nor value of which is shown, and then sold and delivered the possession to Sheffield. After Sheffield took possession, he made further improvements to the amount in value of $100. This was more than the rental value of the premises while in Sheffield's possession, but how much more is not shown. During all this time the title to the land was in the Missouri River, Fort Scott & Gulf railroad company, and the improvements were made without any right or authority from it. Subsequently, Griffin bought the land from the company, and commenced this action to recover the possession. The right to possession, *prima facie*, follows the title, and the railroad company could, for anything appearing to the contrary, at any time during all these years of occupancy by Griffin, Mayo, and Sheffield, have established its right to the possession. The various occupants were simply trespassers, and could have been ejected whenever the company saw fit to assert its claims. Griffin, purchasing from the company, purchased its rights to the possession, and this right he could assert unless by his previous conduct he had estopped himself therefrom. If he had warranted the title, his after-acquired title would inure to the benefit of his grantee; but it does not appear that he

even made a deed when he sold the improvements to Mayo, much less that he gave any warranty. A mere sale of improvements on land by a trespasser thereon does not estop such trespasser from subsequently acquiring title and recovering the possession of the land. Whether his vendee could remove the improvements, or recover the money paid for them, or would lose them entirely, we need not now consider. Doubtless his rights would be affected by many considerations, such as the character of the improvements, knowledge of the title, representations of the vendor, etc., none of which matters are noticed in the findings. All that does appear is, that there was a sale of certain improvements, and this of itself does not estop the vendor from subsequently acquiring the title to the realty, and recovering the possession thereof.

The judgment will be affirmed.

All the Justices concurring.